UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

HENRY J. KYLE, a/k/a H. James
Kyle, a/k/a James Kyle, a/k/a Jim
Kyle,

        *Defendant-Appellant.*

No. 02-4537

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-01-245-AW)

Submitted: October 31, 2003

Decided: December 23, 2003

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Harold I. Glaser, Baltimore, Maryland, for Appellant. Thomas M.
DiBiagio, United States Attorney, David I. Salem, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Henry J. Kyle appeals his convictions for wire fraud and money laundering in violation of 18 U.S.C. §§ 1343, 1957 (2000). We have reviewed his claims of error and conclude they are without merit. Accordingly, we affirm.

Kyle first claims that the district court erred in excluding evidence relating to subsequent remedial measures taken by him in regard to a debenture assigned to one of his victims. Even if we were to accept Kyle's premise that, in a criminal proceeding, the exclusion of subsequent remedial measures is not appropriate under Fed. R. Evid. 407, he still must demonstrate the relevance of the evidence he seeks to introduce and that its probative value is not substantially outweighed by undue prejudice. *See* Fed. R. Evid. 402 & 403. Kyle has failed to demonstrate the relevance of the proposed evidence. His subsequent actions have no relationship to the relevant inquiry into his criminal intent at the time of his fraudulent behavior. Accordingly, we reject this claim.

Kyle next asserts that the district court erred in permitting the Government to introduce evidence of his prior bad acts. Specifically, he claims the court should have excluded the testimony of Jolene Martin relating to her prior investments and subsequent losses with Kyle. This court reviews a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) for an abuse of discretion. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). We conclude that the district court did not abuse its discretion because Kyle's prior acts were relative to the intent the Government was required to prove as an element of its case. *See* Fed. R. Evid. 404(b). The evidence was also substantially similar to crimes for which Kyle was being tried, further enhancing its relevance under Rule 404. Accordingly, we deny relief on this claim.

Kyle's final claim on appeal is that insufficient evidence supported his conviction for wire fraud in relation to the defrauding of Brent Butler. In determining whether there is sufficient evidence to support a conviction, this court considers whether "there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). This court does not weigh the evidence or determine the credibility of the witnesses. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002). Here, substantial evidence supports Kyle's fraudulent intent. Butler testified that he expected his funds to be invested. Uncontradicted testimony at trial demonstrated that the funds were used for Kyle's personal expenses in a manner consistent with Kyle's impermissible use of funds tendered to him by other victims of his fraud. This evidence supports Kyle's conviction. Accordingly, this claim is meritless.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*